_Special_



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable John O. Marburger
County Attorney
Fayette County
La Grange, Texas

Dear Sir:

           Opinion No. O-5226.
           Re:  Whether or not the real
                and personal property of
                the Czech Roman-Catholic
                Union of Texas (The
                K. J. T. lodge) is exempt
                from state and county
                taxes.

        In your letter of April 14, 1943 you requested
our opinion on the above matter and submitted to us the
following facts:

        "The Czech Roman-Catholic Union of Texas
(The K. J. T.) with its home office located
in La Grange, Texas, is a fraternal benefit
society organized and incorporated under the
provisions of Chapter 8, of Title 78 of the
Revised Civil Statutes of Texas, being Art-
icles 4820-4859C. This lodge or society is
organized for the purposes set out in its
charter. I do not have a copy of this charter,
but I understand one is filed with the Commis-
sioner of Insurance.

        "The supreme office or home office of
this K. J. T. Lodge is located in La Grange,
Texas, and has subordinate lodges and societies
through out Texas. As I understand the facts,
the principal purpose of the K. J. T. Lodge
is to issue insurance certificates to its
members, which provides for certain benefits
upon death or disability. The K. J. T. Lodge

Honorable John C. Marburger, Page 2

may also give special relief from time to
time to its needy members and to needy
Divinity students, who usually are also
members.  The lodge is engaged in the
business of making loans on interest with
moneys that it has on hand.  The K. J. T.
Lodge owns valuable real estate in the
City of La Grange, Texas, on which is lo-
cated a good substantial two story brick
building that has just been remodeled by
the lodge.  This building is used by the
K. J. T. Lodge as its home office, holds
its meetings therein and its supreme of-
ficers have their offices therein.  These
officers are paid regularly by the lodge
from funds it receives from its insurance
premiums, assessments, and from the interest
it receives from its loans, etc.  Of course,
all benefits to the policy holders and the
beneficiaries are also paid from that fund.
The subordinate lodges and societies of this
K. J. T. Lodge also hold their regular and
special meetings in their lodge rooms in
this building, but pay no rent.  No one pays
any rent to the K. J. T. as such."

Article 4858 V. C. S., 1925, provides in part
as follows:

"Except as to premium on gross receipt
taxes levied by this Article or other pro-
visions of laws of this State, fraternal
benefit societies organized or licensed
under this Chapter are hereby declared to
be exempt from all and every State, county,
municipal and school district taxes other
than taxes on real estate and office equip-
ment when same is used for other than lodge
purposes, inasmuch as such societies are
charitable and benevolent institutions."

Honorable John C. Marburger, Page 3


As the above Article is a part of Chapter 6 Title 78 of the Revised Statutes, under which the K. J. T. Lodge was organized and incorporated, it is clear to us that under the statutes it would be exempt from such taxation. However, Section 2 of Article 8 of our Constitution provides:

"The Legislature may, by general laws, exempt from taxation . . . all buildings used exclusively and owned by persons or associations of persons for school purposes . . . and institutions of purely public charity; and all laws exempting property from taxation other than the property above mentioned shall be null and void."

Therefore, if the K. J. T. Lodge is an institution "of purely public charity" Article 4858 would apply and the property be exempt from such taxation. In other words, the property of the K. J. T. Lodge in order to be exempt from taxation and escape the charges of Government must be embraced both within some one of the classes named in Section 2 of Article 8 of the Constitution, and also in the exemptions provided by Article 4858.

The Supreme Court of Texas, speaking through Judge Gaines in the case of Morris v. Masons, reported in 5 S. W. 519, held that the proper construction of the phrase, "and all institutions of purely public charity;" meant "all buildings used exclusively and owned by institutions of purely public charity."

So no building comes within the exemption authorized by the Constitution to "institutions of purely public charity" unless it is both owned and used exclusively by such an institution. The above construction by the Supreme Court should be followed as this Constitutional provision was subsequently amended, and this provision under consideration was carried into the amendment without change. It is a conclusive presumption that the people re-adopted the provision with knowledge of its intent as declared by the Supreme Court.

Honorable John C. Marburger, Page 4

As stated in Morris v. Masons (supra) the use of the buildings must be exclusive. See also City of Houston v. Scottish Rite Bene. Ass'n., 230 S. W. 978, decided by the Supreme Court, which re-affirms the Morris v. Masons case. It was held in Red v. Johnson 53 Tex. 288, that the Constitutional requirement is not satisfied by the mere fact that those sharing the use pay no rent. This holding was approved by the Supreme Court in City of Houston v. Scottish Rite Bene. Ass'n. (supra).

You state that subordinate lodges and societies of the K. J. T. Lodge also use the building. We would have to know whether these subordinate lodges or societies were "institutions of purely public charity," in order to determine whether their use of the building would cause the property in question to be taxable. However, we deem it unnecessary to call on you for this additional information, as we have decided upon the authority of the case of Concho Camp, W. O. W. v. City of San Angelo, 231 S. W. 1106, that the property in question is not exempt from taxation, as the K. J. T. Lodge, under the holding therein, is not an institution "purely of public charity."

We quote from this case:

"We also hold that in this case Appellant is not entitled to the exemption, because of the fact that it issues insurance policies to its members; and therefore, it is not an institution purely for public charity."

To the same effect see Farmers v. State, 7 S. W. 220. In this case the Supreme Court held that an organization was not a corporation for benevolent purposes where the following facts existed: the corporation was organized to provide for its members during their life and for their families after death; the constitution and by-laws provided for payment of a certain sum to the beneficiaries on death of a member in consideration of membership fees and certain future assessments, and the officers of the corporation were paid salaries.

Honorable John C. Marburger, Page 5

The above authorities are in harmony with the decisions of the other states. See Bolton v. Bolton 73 Me. 299; Comm. v. Weatherbee, 105 Mass. 149; State v. Farmer's Bene. Ass'n., 18 Neb. 281; State v. Citizen's Ass'n., 6 Mo., App. 163; People v. Wilson, 46 N. Y. 477; State v. Standard Life Ass'n., 38 Ohio 281. See also May on insurance, Section 550 and 37 Cyc. 931.

In addition to the above authorities, in arriving at our conclusion we have been guided by the following rules of construction:

"Taxation is the rule and exemption from taxation the exception." Cooley on Taxation, 2nd Ed., par. 204.

"Exemption being the exception to the general rules, it is not favored, and when found to exist, the enactment by which it is given will not be enlarged by construction, but on the contrary, will be strictly construed." 23 R. C. L. 313, Morris v. Masons (supra); Santa Rosa Infirmary v. San Antonio, 259 S. W. 931, Cooley on Taxation, 2nd Ed. pp. 204, 205; City of Longview v. Markham - McRee Memorial Hospital, 137 Tex. 178, 152 S. W. (2d) 1112.

Also, the Court in B. P. O. E. Lodge v. City of Houston, 44 S. W. (2d) 488, in construing the phrase "purely public charity" said:

"The word 'purely' is intended to modify the word 'charity', and not the word 'public', so as to require the institution to have a wholly altruistic quality and exclude from it every private or selfish interest or profit or corporate gain. City of Houston v. S. R. B. Ass'n., 111 Tex. 191, 230 S. W. 978. In law, the word 'purely' is used in the sense of and equivalent to 'only', 'wholly', 'exclusively', 'completely', 'entirely', and 'unqualifiedly'. 51 C. J. 100."

Honorable John C. Marburger, Page 6

We have also noted Article 4858a Vernon's Annotated Civil Statutes; Acts 1937, and find that the provisions thereof are similar to the provisions of 4858, supra, and in legal effect amount to one and the same thing.

We therefore hold that under the facts submitted to us the property of the K. J. T. Lodge is not exempt from the payment of State and County taxes.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

W. V. Geppert
Assistant

WG:fo

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN

APPROVED MAY 4, 1943

ATTORNEY GENERAL OF TEXAS